IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINA GRASTY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | NO. 14-5519 |
| **FRESENIUS MEDICAL CARE A/K/A** | : | |
| **BIO MEDICAL APPLICATIONS OF** | | |
| **PA, INC.** | | |

## ORDER-MEMORANDUM

**AND NOW**, this 9th day of February 2015, upon consideration of Defendant's Motion to Dismiss (ECF Doc. No. 4), Plaintiff's Response (ECF Doc. No. 7), and Defendant's Reply in Support (ECF Doc. No. 9), it is **ORDERED** that Defendant's Motion is **GRANTED in part** and **DENIED in part**.

*Defendant's motion to dismiss the retaliation claim is granted.*

Defendant's Motion to Dismiss Plaintiff's claims of retaliation for failure to exhaust administrative remedies is **GRANTED**. Plaintiff failed to exhaust administrative remedies with regard to her retaliation claim. Although Plaintiff's Complaint is not a model of clarity, construing it liberally as we must do at this stage, the allegations amount to a claim for retaliation. Further, Plaintiff's Opposition admits that she is pursuing a claim for retaliation. (Pl.'s Resp., at 3.) ("Upon receipt of Notice of Right to Sue from EEOC, Grasty filed the Complaint . . . which pled discrimination on the basis of gender, race, and national origin, and *retaliation*.") (emphasis added).

This Court must dismiss Plaintiff's retaliation claim with prejudice as she failed to administratively exhaust this claim. The filing of an administrative charge with the PHRC and

EEOC is a prerequisite for filing suit alleging workplace discrimination. *See Antol v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir. 1996) (dismissing Title VII gender discrimination claim where plaintiff failed to exhaust administrative remedies); *Richards v. Foulke Assoc., Inc.*, 151 F. Supp.2d 610, 613-16 (E.D. Pa. 2001) (finding plaintiff filing claims under PHRA and PFPO must exhaust administrative remedies). While it is true that this Court is not limited to the "four corners" of the complaint, "when a claim for retaliation is not specifically presented to the EEOC, the test for whether that claim can be presented to the district court is 'whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" *Watson v. Southeastern Pa. Transp. Auth.*, No. 96-1002, 1997 WL 560181, at *6 (E.D. Pa. Aug. 28, 1997) (quoting *Antol*, 82 F.3d at 1295).

Plaintiff's retaliation claim is not "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Watson*, 1997 WL 560181, at *6. Here, the cross-filed charge is devoid of any retaliation allegations. *See Wright v. Philadelphia Gas Works*, No. 01-2655, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing retaliation claim where EEOC charge is "devoid of all claims except racially motivated discharge"). Further, Plaintiff elected not to check the box indicating retaliation as a basis of alleged discrimination in her administrative charge. *See Watson*, 1997 WL 560181, at *7 (dismissing retaliation claim where the administrative charge did not reference retaliation, plaintiff did not check box for retaliation, and did not refer to complaints of discrimination by plaintiff); *see also Nerosa v. Sotrecast Merch. Corp.*, No. 02-440, 2002 WL 1998181, at *5 (E.D. Pa. Aug. 28, 2002) (dismissing retaliation claim at motion to dismiss stage because plaintiff did not exhaust administrative remedies for retaliation claim as she did not "check the box for retaliation," use the word retaliation in her charge, or allege any protest against discrimination). Moreover, Plaintiff did

not allege any facts in her administrative charge evidencing her complaints to Defendant about ongoing discrimination. *See Nerosa*, 2002 WL 1998181, at *5. Because Plaintiff has failed to administratively exhaust her retaliation claim, it is barred.

### *The parties agree that the 42 U.S.C. § 1981 national origin claim will be dismissed.*

Both parties represent in their briefing that Plaintiff has not stated a claim for relief based solely on national origin pursuant to 42 U.S.C. § 1981. Accordingly, Defendant's motion to dismiss Count II's § 1981 national origin claim is **GRANTED**.

### *Defendant's motion to strike is denied.*

Alternatively, Defendant's Motion to Strike is **DENIED** without prejudice because the Plaintiff's allegations do not contain any "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *see also Wright*, 2001 WL 1169108, at *2. If Plaintiff pursues discovery or recovery based on "retaliation", this Court will address the issue in response to the proper motion at that time.

Defendant shall file an Answer to the Complaint no later than Monday, February 23, 2015.

_____
KEARNEY, J.